UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MALIK STEWART, a/k/a, DANIEL JONES,

                          Plaintiff,

       -against-

CITY OF NEW YORK, Individually and in their capacities
as New York City Police Officers, LORRAINE RAMOS,
DAVID CALLAN, JULIO TAVAREZ, and JOHN or
JANE DOE 1-10,

                          Defendants.
-------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE
Docket No.

       Plaintiff, MALIK STEWART, by his attorneys, Sim & DePaola, LLP, for his complaint

against the above Defendants, City of New York, Lorraine Ramos, David Callan, Julio Tavarez

and John or Jane Doe 1-10, individually and in their capacities New York City police officers,

alleges as follows:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1983
    and 1988 for the violations of his civil rights protected by Constitution of the United
    States and the Constitution and laws of the State of New York.

2.  The claim arises from an October 15, 2017 incident, in which defendants, acting
    under color of state law, unlawfully arrested and detained Mr. Stewart. Mr. Stewart
    was subsequently charged with Gang Assault in the Second Degree, Attempted Gang
    Assault in the First Degree and Criminal Possession of a Weapon in the Fourth
    Degree.  As a result, Mr. Stewart was deprived of his liberty and suffered physical

and psychological injuries.  Mr. Stewart was wrongfully detained for approximately three (3) days or approximately fifty-three (53) hours. He was maliciously prosecuted until the dismissal of all charges on April 19, 2018 before the Hon. Judge Badamo, A of the New York County Supreme Court.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Malik Stewart ("Mr. Stewart") resides at 1665 E. 172nd Street, Apt. 2F, Bronx County, State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York City Police Department (or "NYPD") was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Police Officer Lorraine Ramos ("Ramos") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Ramos was, at the times relevant herein, a Police Officer under Shield #20126, Tax ID #953826 in the 34th Precinct, located at 4295 Broadway, New York, NY 10033.  Defendant Ramos is being sued in his individual and official capacities.

12. Defendant Police Officer David Callan ("Callan") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Callan was, at the times relevant herein, a Police Officer under Shield #16363, Tax ID #954592 in the 34th Precinct, located at 4295 Broadway, New York, NY 10033.  Defendant Callan is being sued in his individual and official capacities.

13. Defendant Sergeant Julio Tavarez ("Tavarez") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent,

servant and employee of the City of New York.  Defendant Tavarez was, at the times relevant herein, a Police Officer under Tax ID No. 903240 in the 34th Precinct, located at 4295 Broadway, New York, NY 10033.  Defendant Tavarez is being sued in his individual and official capacities. Defendant Tavarez is retired now.

14. At all times relevant herein, Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  At this time, Plaintiff does not know the true names and/or tax registry numbers of Defendants John or Jane Doe 1 through 10, as such knowledge is within the exclusive possession of defendants.

15. At all times relevant herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD.  Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

16. At all times here mentioned, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

18. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

19. Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law.

20. This action has been commenced within one year and ninety days from the relevant accrual dates.

## **FACTUAL CHARGES**

21. On October 15, 2017, at approximately 2:00 a.m., Mr. Stewart was inside Cliff Night Club located at 440 West 202nd Street, County of New York, State of New York.

22. On said date, time and location Mr. Stewart was an invited guest of a friend's birthday party.

23. Shortly after Mr. Stewart's arrival at said location, an altercation in which neither Mr. Stewart nor his friends was involved broke out in the club's bathroom on the second floor.

24. Then the security guards began pushing everyone out of the club, including Mr. Stewart and his friends.

25. When Mr. Stewart was outside the club, he observed one of his friends being chased and then beat up by two (2) security guards.

26. Mr. Stewart started running away when he noticed two security guards were chasing him without any reason.

27. Mr. Stewart ran to a police vehicle to seek refuge.

28. However, Defendants, including Ramos, Callan and Tavarez, after getting out of the police vehicle, placed handcuffs on Mr. Stewart without any legal basis or justification.

29. Mr. Stewart was committing no crimes or violations of the law.

30. Defendants, including Ramos, Callan and Tavarez, alleged that they are waiting for someone to know whether they should release Mr. Stewart or not.

31. Then Defendants, including Ramos, Callan and Tavarez, illegally searched Mr. Stewart. No contraband was recovered from Mr. Stewart' person.

32. Shortly after, a person came over with a picture alleging that Mr. Stewart was involved in the altercation.

33. The said person kicked Mr. Stewart on his left cheek so hard that Mr. Stewart lay on the ground without any reason.

34. Then Defendants, including Ramos, Callan and Tavarez, and the said person kicked on Mr. Stewart's back and the back of his head more than five (5) times, which caused his rib broken and severe swellings and knots all around his body.

35. Mr. Stewart was committing no crimes or violations of the law.

36. Defendants, including Ramos, Callan and Tavarez, did not observe Mr. Stewart committing any crimes or violations of the law.

37. Then Defendants, including Ramos, Callan and Tavarez, picked up Mr. Stewart from the ground and dragged him to their vehicle.

38. Defendants, including Ramos, Callan and Tavarez, dragged Mr. Stewart so hard that he couldn't breathe and began to throw up in the police vehicle.

39. Defendants, including Ramos, Callan and Tavarez, also ripped up Mr. Stewart's expensive shirt when they dragged him.

40. Then Mr. Stewart was illegally transported to the 34th precinct.

41. Upon arrival at the precinct, Mr. Stewart was illegally searched for a second time without any probable cause or reasonable suspicion to do so, as Mr. Stewart was committing no crimes or violations of any law.

42. During the illegal search, Defendants, including Ramos, Callan and Tavarez, illegally confiscated Mr. Stewart's wallet and cell phone. No contraband was recovered from Mr. Stewart' person.

43. Then Mr. Stewart was put in a cell.

44. After approximately eight (8) hours Mr. Stewart was transported to Manhattan Detention Center.

45. Before leaving the precinct, Mr. Stewart was illegally searched for a third time and no contraband was recovered.

46. After arriving at Manhattan Detention Center, Mr. Stewart requested medical attention and he was taken to Presbyterian Hospital for treatment.

47. As a result of Defendants' use of extreme excessive force, Mr. Stewart sustained broken rib in his left side of his chest and other severe and injuries all about his body, including, but not limited to, head, ankle and lower back.

48. After being released from the hospital, Mr. Stewart was taken back to the Manhattan Detention Center.

49. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Stewart, as Mr. Stewart had not committed any crime or violation of the law.

50. Defendants, including Ramos, Callan and Tavarez, falsely alleged that Mr. Stewart committed gang assault, attempted gang assault and criminal possession of a weapon,

when they knew such claims to be untrue and complete fabrications, as Defendants never recover any weapon from Mr. Stewart.

51. Mr. Stewart was never in possession of any illegal weapon and he never committed gang assault, attempted gang assault.

52. As a result of defendant Ramos' knowingly and intentionally false statements and allegations, Mr. Stewart was falsely arrested under arrest number M17662618.

53. Defendant Ramos was Mr. Stewart's arresting officer and signed Mr. Stewart's criminal court complaint.

54. Defendant Ramos falsely arrested Plaintiff, claiming that he committed gang assault, attempted gang assault and criminal possession of a weapon.

55. Defendants, including Ramos, Callan and Tavarez, never recovered any illegal weapon from Mr. Stewart.

56. Defendant Ramos was fully aware that Mr. Stewart was not in possession of any illegal weapon and never committed gang assault, attempted gang assault.

57. Mr. Stewart was never in actual, constructive or statutory possession of any illegal weapon.

58. Mr. Stewart had multiple assaults and batteries committed to his person including but not limited to being kicked on his back and the back or his head which caused broken rib in his left side of the chest and other severe and injuries all about his body, including, but not limited to, head, ankle and lower back.

59. Mr. Stewart was subjected to three (3) times illegal search by Defendant Ramos or the direction of Defendant Ramos.

60. Mr. Stewart was released from custody on or about October 17, 2017.

61. Defendants, including Ramos, Callan and Tavarez, intentionally provided said false information to the New York County Attorney's Office, namely that Mr. Stewart committed gang assault, attempted gang assault and criminal possession of a weapon, so that a criminal prosecution would be initiated against Mr. Stewart.

62. Defendants, including Ramos, Callan and Tavarez, never observed Mr. Stewart in possession of any illegal weapon or commit gang assault, attempted gang assault.

63. Mr. Stewart was arraigned and formally charged with Gang Assault in the Second Degree, Attempted Gang Assault in the First Degree and Criminal Possession of a Weapon in the Fourth Degree.

64. While Plaintiff was unlawfully detained, Defendants, including Ramos, Callan and Tavarez, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for Gang Assault in the Second Degree, Attempted Gang Assault in the First Degree and Criminal Possession of a Weapon in the Fourth Degree.

65. Defendants, including Ramos, Callan and Tavarez, suppressed evidence and engaged in conduct undertaken in bad faith, including, but not limited to, fabricating false accounts that Mr. Stewart was in possession of illegal weapon, performing illegal searches of Mr. Stewart' person without warrants.

66. Defendant Ramos committed perjury by knowingly offering false statements contained within the Mr. Stewart' criminal court complaint as true and signing and attesting to the truth of allegations he knew to be false.

67. Defendant Ramos procured the criminal indictment of Mr. Stewart through the use of perjury, fraud and the suppression of evidence, namely the offering of knowingly

false statements that Mr. Stewart was in possession of illegal weapon and committed gang assault, attempted gang assault.

68. Mr. Stewart never possessed any illegal weapon in his person and never committed gang assault, attempted gang assault.

69. Defendants have displayed a pattern and practice of falsely arresting individuals who committing no crimes or violations of the law, such as Mr. Stewart.

70. During all of the events described, the Defendants, including Ramos, acted maliciously and with intent to injure Plaintiff.

71. Defendant Ramos was fully aware that there was no probable cause to believe a prosecution would succeed against Mr. Stewart, because Defendant Ramos knew that Mr. Stewart was never in possession of any illegal weapon or committed gang assault, attempted gang assault and that he was an innocent man.

72. At all times relevant hereto, Defendants, including Ramos, Callan and Tavarez, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

73. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD that resulted in Plaintiff's arrest without probable cause.

74. Upon information and belief, the NYPD, the City of New York, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

75. The instant arrest of Plaintiffs' without the presence of probable cause was so egregious as to amount to the deliberate indifference by the policy and decision

makers within the NYPD and City of New York, because the need for enhanced

training and supervision is obvious due to the clear lack of any probable cause to

arrest and prosecute Plaintiff.

76. Upon information and belief, further details and factual allegations will become

available after discovery is completed, as the current policies and customs of the

NYPD and City of New York are within the exclusive knowledge of Defendants.

77. Upon information and belief, the personnel files and records of the individual officers

involved in Plaintiff's arrest will reveal a history of Constitutional violations that will

indicate that Defendant City knew, or should have known that the individual officers

were unfit for employment as NYPD police officers and would be likely to commit

Constitutional violations similar to the violations that were committed against Mr.

Stewart.

78. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the

following injuries and damages: violations of his rights pursuant to the Fourth and

Fourteenth Amendment of the United States Constitution, violations of New York

State law, physical injury, physical pain and suffering, emotional trauma and

suffering, including fear, embarrassment, humiliation, emotional distress, frustration,

extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

79. The above paragraphs are here incorporated by reference as though fully set forth.

80. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of

liberty without probable cause.

81. Plaintiff was conscious of his confinement.

82. Plaintiff did not consent to his confinement.

83. Plaintiff's arrest and false imprisonment was not otherwise privileged.

84. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

85. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

86. By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

87. The above paragraphs are here incorporated by reference as though fully set forth.

88. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

89. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

90. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

91. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

92. By reason of the above, the amount of damages sought on this cause of action exceeds

the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

93. The above paragraphs are here incorporated by reference as though fully set forth.

94. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

95. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

96. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

97. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

98. By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

99. The above paragraphs are here incorporated by reference as though fully set forth.

100.    The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

101.    Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

102.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

103.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

104.    The above paragraphs are here incorporated by reference as though fully set forth.

105.    Defendants initiated the prosecution against Plaintiff.

106.    Defendants lacked probable cause to believe Plaintiff was guilty or that a

prosecution would succeed.

107.    Defendants acted with malice.

108.    The prosecution was terminated in Plaintiff's favor when the criminal charge was

dismissed and sealed.

109.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

110.    As a direct and proximate result of this breach, Plaintiff sustained the damages

hereinbefore alleged.

111.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

112.    The above paragraphs are here incorporated by reference as though fully set forth.

113.    Defendants initiated the prosecution against Plaintiff.

114.    Defendants lacked probable cause to believe Plaintiff was guilty or that a

prosecution would succeed.

115.    Defendants acted with malice.

116.    The prosecution was terminated in Plaintiff's favor when he all charges were

dismissed and sealed.

117.    Accordingly, Defendants violated Plaintiff's Fourth Amendment rights.

118.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

119.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## SEVENTH CAUSE OF ACTION
### Malicious Abuse of Process Under
### New York State Law

120.    The above paragraphs are here incorporated by reference as though fully set forth.

121.    Defendants arrested, detained and caused a criminal prosecution to be initiated

against Plaintiff to compel the compliance or forbearance of some act.

122.    Defendants had no excuse or justification to forcibly detain or initiate a

prosecution against Plaintiff, especially with the absence of any cognizable probable

cause.

123.    Defendants intended to inflict substantial harm upon Plaintiff.

124.    Defendants acted to achieve a collateral purpose, beyond or in addition to

Plaintiff's criminal prosecution.

125.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

126.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

127.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

**EIGHTH CAUSE OF ACTION**
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

128.    The above paragraphs are here incorporated by reference as though fully set forth.

129.    Defendants arrested, detained and caused a criminal prosecution to be initiated

against Plaintiff to compel the compliance or forbearance of some act.

130.    Defendants had no excuse or justification to forcibly detain and initiate a

prosecution against Plaintiff, especially with the absence of any cognizable probable

cause.

131.    Defendants intended to inflict substantial harm upon Plaintiff.

132.    Defendants acted to achieve a collateral purpose, beyond or in addition to

Plaintiff's criminal prosecution.

133.    Defendants' actions deprived Plaintiff of his right to free from illegal searches and

seizures, as well as his right not to be deprived of his liberty without due process of

law.

134.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

135.    By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### New York State Law

136.    The above paragraphs are here incorporated by reference as though fully set forth.

137.    The conduct of Defendants was extreme and outrageous.

138.    Defendants' extreme and outrageous conduct was perpetrated with the intent to cause, or

with disregard to a substantial probability of causing, severe emotional distress to Plaintiff.

139.    Defendants' extreme and outrageous conduct is causally related to Plaintiff's injuries.

140.    Defendants' extreme and outrageous conduct caused Plaintiff to sustain extreme

emotional distress.

141.    Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

142.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

## TENTH CAUSE OF ACTION
### Failure to Intervene Under
### New York State Law

143.    The above paragraphs are here incorporated by reference as though fully set forth.

144.    Those Defendants that were present but did not actively participate in the

aforementioned unlawful conduct, observed such conduct, had an opportunity to

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

145.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

146.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

147.     By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## ELEVENTH CAUSE OF ACTION
### Failure to Intervene Under
### 42 U.S.C. § 1983 Against Individual Defendants

148.     The above paragraphs are here incorporated by reference as though fully set forth.

149.     Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

150.     Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

151.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

152.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

153.     By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

### TWELFTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

154.   The above paragraphs are here incorporated by reference as though fully set forth.

155.   Defendant City owed a duty of care to Plaintiff to adequately hire, retain and

supervise its employee defendants.

156.   Defendant City breached that duty of care.

157.   Defendant City placed defendants in a position where they could inflict

foreseeable harm.

158.   Defendant City knew or should have known of its employee defendants'

propensity for violating the individual rights granted under the United States

Constitution and the laws of the State of New York, prior to the injuries incurred by

Plaintiff.

159.   Defendant City failed to take reasonable measures in hiring, retaining and

supervising its employee defendants that would have prevented the aforesaid injuries

to Plaintiff.

160.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

161.   By reason of the above, the amount of damages sought on this cause of action

exceeds the jurisdictional limits of all lower Courts which would otherwise have

jurisdiction.

### THIRTEENTH CAUSE OF ACTION

Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

162.   The above paragraphs are here incorporated by reference as though fully set forth.

163.   Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of his Constitutional right to free from illegal searches and seizures.

164.   Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

165.   Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

166.   Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

167.   Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

168.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

169.   By reason of the above, the amount of damages sought on this cause of action exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)      In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)      Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)      Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)      Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

**e)**      Granting such other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 7, 2019

                                        Respectfully submitted,

                                         _S/ Samuel C. DePaola_____
                                        Samuel C. DePaola, Esq.
                                        Bar Number: SD0622
                                        Sim & DePaola, LLP
                                        *Attorneys for Mr. Stewart*
                                        4240 Bell Blvd., Suite 201
                                        Bayside, NY 11361
                                        T: (718) 281-0400
                                        F: (718) 631-2700
                                        sdepaola@simdepaola.com